IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO GARCIA

      Plaintiffs,

v.                                                           D-202-CV-2025-06771

LHM SWH, LLC d/b/a
LHM SOUTHWEST HYUNDAI ALBUQUERQUE,
LIBERTY MUTUAL INSURANCE COMPANY and
HYUNDAI CAPITAL AMERICA, d/b/a HYUNDAI MOTOR FINANCE

      Defendants.

## NOTICE OF REMOVAL

Defendant LHM SWH, LLC d/b/a LHM Southwest Hyundai Albuquerque, by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, and the applicable Local Rules of the United States District Court for the District of New Mexico, hereby removes the above-captioned civil action from the Second Judicial District Court of the State of New Mexico, Bernalillo County, to the United States District Court for the District of New Mexico. In support thereof, this Defendant states as follows:

**I.       PROCEDURAL HISTORY**

1. Plaintiff Antonio Garcia commenced a civil action against Defendants in the Second Judicial District Court, County of Bernalillo, State of New Mexico, captioned Antonio Garcia v. LHM SWH, LLC d/b/a LHM Southwest Hyundai Albuquerque ("LHM SWH"), Liberty Mutual Insurance Company ("LMIC") and Hyundai Capital America d/b/a Hyundai Motor Finance ("HCA"), Cause No. D-202-CV-2025-06771. In his Complaint, Plaintiff asserts violations of the New Mexico Unfair Practices Act ("UPA"), violation of the New Mexico Motor Vehicle

Dealer Francise Act ("MVDFA"), and Fraud against LHM SMH, and alleges Defendant LMIC, as surety of an auto dealer consumer protection bond, is liable for any damages for fraud that are assessed against the LHM SMH. Defendant HCA is a named Defendant by virtue of its role as the entity that holds the finance contract on the vehicle at issue. *See* Plaintiff's First Amended Complaint for Damages, attached hereto as *Exhibit A*.

2. LHM SMH was served with the Complaint on August 28, 2025. *See Return of Service*, attached as *Exhibit B*.

3. LMIC was served with the Complaint on September 15, 2025. *See Acceptance of Service*, attached as *Exhibit C*.

1. HCA was served with the Complaint on August 29, 2025. *See Return of Service*, attached as *Exhibit D*.

2. The Notice of Removal has been filed in accordance with 28 U.S.C. §§1441(b) and 1446.

## II.  TIMELINESS OF REMOVAL

1. This Notice of Removal is filed within 30 days of Defendants' receipt of service.

2. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Moreover, the matter has been pending for less than one year.

3. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely.

## III.  BASIS FOR REMOVAL

1. Venue is proper in this Court pursuant to 28 U.S.C. §§ 90(a)(2) and 1441(a) because the United States District Court for the District of New Mexico is the federal judicial district embracing the Second Judicial District Court, Bernalillo County, New Mexico, which is where this action was originally filed.

2. Removal of this case is proper under 28 U.S.C. §1441 and 28 U.S.C. §1332, because complete diversity of citizenship exists between the Plaintiff and Defendants and based upon assertions in the Complaint and Plaintiff's claimed damages therein arising from the transaction at issue, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of other costs and interest, and all other removal requirements have been met.

**A. Diversity of Citizenship.**

3. For diversity purposes, a person is a "'citizen' of the state in which he is domiciled." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

4. Plaintiff alleges he is a resident of the State of New Mexico. *See* Exhibit A at ¶ 4. Accordingly, Plaintiff is also a citizen of the State of New Mexico.

5. LHM SWH, is now, and was at the time Plaintiff filed this action, a foreign limited liability company organized and existing under the laws of the State of Utah. An LLC is deemed to be a citizen of the state where each of its members resides. No member of LHM SWH, is a resident of New Mexico, California, or Massachusetts. For purposes of removal jurisdiction, LHM SWH is not a citizen of New Mexico, California, or Massachusetts.

6. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

7. LMIC is now, and was at the time Plaintiff filed this action, a foreign corporation organized and existing under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts. For purposes of removal jurisdiction, LMIC is not a citizen of New Mexico.

8. HCA is now, and was at the time Plaintiff filed this action, a foreign corporation organized and existing under the laws of the State of California with its principal place of business in Irvine, California. For purposes of removal jurisdiction, HCA is not a citizen of New Mexico.

9. Based upon the foregoing, for purposes of removal jurisdiction, complete diversity exists between Plaintiff and Defendants.

**B. Value of Matter in Controversy.**

10. Under 28 U.S.C. §1441(a), "the amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The Tenth Circuit has clarified this standard by stating that the removing Defendant "must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play…[i]t is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." *McPhail*, 529 F.3d at 955 (emphasis in original). The Tenth Circuit has noted, however, that a Plaintiff cannot avoid removal merely by not alleging the jurisdictional amount, as such a practice/policy would frustrate the purpose of diversity jurisdiction, "which is, after all, to protect the out- of-state Defendant." *McPhail*, 529 F.3d at 955.

11. To determine whether the amount in controversy requirement is met, a court may aggregate actual damages, punitive damages, attorney's fees, and statutorily imposed penalties, if any, but not interest or costs. *Trujillo v. Reynolds*, No. CIV 07-1077 JB/RLP, 2008 WL 2323521, *3 (Jan. 17, 2008).

12. A removing Defendant may satisfy its burden by proving jurisdictional facts that make it possible that more than $75,000 is at issue by "rely[ing] on an estimate of the potential damages from the allegations in the complaint." *Id.* In doing this, the Defendant may specify the numerical value of the damage or may not and just allege that the amount in controversy exceeds $75,000 by setting out the specific factual allegations supporting that conclusion. *Id.* at 956 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *see also Hanna v. Miller*, 163 F.Supp.2d 1302, 1306 (D.N.M. 2001) (stating that courts may consider the substance and nature of the injuries and damages described in the pleadings).

13. The Complaint, pursuant to the New Mexico Rules of Civil Procedure, contains no allegations for damages in a specific monetary amount but does allege that he paid "a price in excess of the fair market value of the vehicle" at issue, incurred a loss of money, emotional distress, aggravation, frustration and inconvenience. *Ex. A*, ¶ 42. In Plaintiff's prayer for relief he prays for: an award of actual or statutory damages, trebled, for violations of the UPA; actual and punitive damages for fraud; actual damages, trebled, for violations of the MVDFA; reasonable attorney's fees and costs; and other relief that may be deemed "just and proper." *Id.*, pg. 7. In addition, Plaintiff filed a Court-Annexed Arbitration Certification in the Second Judicial District Court wherein he certified that he seeks relief in excess of $50,0000 exclusive of punitive damages, interest, costs, and attorney's fees. *See Exhibit E.*

14. Although this Defendant does not admit Plaintiff has been damaged in any amount by any act or omission by it or any of its employees, based on the damage allegations in the Complaint and the referenced Certification, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

15. Thus, pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this matter, in that the parties hereto are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

## IV. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

16. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all Defendants who have been properly joined and served must consent to removal.

17. Defendant HCA consents to removal and has executed the Consent to Removal attached as *Exhibit F*.

18. Upon information and belief, Defendant LMIC consents to removal and will be filing a Consent to Removal.

## IV.    NOTICE OF ADVERSE PARTY AND STATE COURT

19. LHM SWH, upon filing this Notice of Removal, is filing a copy of this Notice of Removal with the District Clerk of the Second Judicial District Court in the State of New Mexico, Bernalillo County, in accordance with 28 U.S.C. §1446(d).

20. Pursuant to by 28 U.S.C. Section §1446(d), written notice of removal is being served on counsel of record.

## V.  FILINGS FROM STATE COURT DOCKET

21. Pursuant to D.N.M. LR-CIV 81.1(a) of the Local Civil Rules of the United States District Court for the District of New Mexico, legible copies of records and proceedings from the state court action are being filed herewith. LHM SWH reserves, preserves, and does not waive, any and all defenses it may have to Plaintiff's Complaint, including without limitation, insufficiency of process, insufficiency of service of process, lack of jurisdiction, and failure to join necessary and indispensable parties *(see Exhibit G)*.

WHEREFORE, LHM SWH respectfully requests that this case be entered upon the docket of the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

/s/ *Monica R. Garcia*
Monica R. Garcia
Madison L. Haynes
P.O. Box 3170
Albuquerque, New Mexico 87190
Telephone: (505) 884-0777
Facsimile: (505) 889-8870
mrgarcia@btblaw.com
mlhaynes@btblaw.com
*Attorneys for Defendant*
*LHM SWH, LLC d/b/a*
*LHM Southwest Hyundai*
*Albuquerque*

I HEREBY CERTIFY that on the 29th day of September 2025, I filed the foregoing pleading electronically through the electronic filing system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Susan Warren
Feferman, Warren & Mattison
swarren@fwmlegal.com


*/s/ Monica R. Garcia*
Monica R. Garcia