IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO GARCIA,

     Plaintiff,

v.                                                            No. 1:25-cv-942-JMR-KRS

LHM SWH, LLC, *d/b/a* LHM Southwest
Hyundai Albuquerque; LIBERTY MUTUAL
INSURANCE COMPANY; and HYUNDAI
CAPITAL AMERICA, *d/b/a* Hyundai Motor
Finance,

     Defendants.

## ORDER TO FILE CORPORATE DISCLOSURE STATEMENTS AND TO AMEND NOTICE OF REMOVAL

This matter is before the Court *sua sponte*. Plaintiff Antonio Garcia filed a complaint in state court on July 31, 2025 alleging fraud and violations of the New Mexico Unfair Practices Act, NMSA § 57-12-1 *et seq.* and the New Mexico Vehicle Dealer Franchise Act, NMSA § 57-16-1 *et seq.* in connection with a new vehicle Plaintiff purchased, which allegedly had suffered prior damage. (Doc. 1-8). On August 25, 2025, Plaintiff filed a First Amended Complaint. (Doc. 1-2). On September 29, 2025, Defendant LHM SWH, LLC d/b/a LHM Southwest Hyundai Albuquerque (hereinafter "LHM SMH") removed the case from state court, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* (Doc. 1 at 3).

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). As the party asserting federal

jurisdiction, LHM SMH bears the burden of pleading and proving subject matter jurisdiction. *Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). "But [r]emoval typically proceeds on jurisdictional allegations, not proof of jurisdictional facts. The defendant must provide in its notice of removal 'a short and plain statement of the grounds for removal.'" *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023) (quoting 28 U.S.C. § 1446(a)). "[C]ourts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (internal quotation marks and brackets omitted). Thus, "a defendant's notice of removal need include only a plausible allegation" of relevant jurisdictional facts. *Id.* at 88-89. Plausibility may turn on allegations in the complaint and/or information provided in the notice of removal. *See Buscema v. Wal-Mart Stores E. LP,* 485 F. Supp. 3d 1319, 1328 (D.N.M. 2020),

Having considered LHM SMH's jurisdictional allegations, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Notice of Removal fails to allege the necessary facts to support diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Complete diversity means that no plaintiff may be a citizen of the same state as any defendant. *Id.* "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grynberg v. Kinder Morgan Energy Ptns., L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (internal quotation marks and citations omitted).

Corporations are considered citizens of both the state where they are incorporated and the state where their principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). But under long

established precedent, diversity jurisdiction in a suit by or against an association or entity other than a corporation depends on the citizenship of all the members of the entity. For instance, "[l]imited partnerships … are citizens of each and every state in which any partner is a citizen." *Suttman-Villars v. Argon Med. Devices, Inc.*, Civ. No. 20-0778 KG/JFR, 2021 WL 4086126, at *2 (D.N.M. Sept. 8, 2021), including both the general and limited partners. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 192 (1990). Moreover, "[w]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC,* No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018) (citing, *inter alia, Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted))).

The Notice of Removal alleges facts that plausibly show that Plaintiff is a citizen of New Mexico, and that Defendant Liberty Mutual Insurance Company ("LMIC") is a citizen of Massachusetts while Defendant Hyundai Capital America ("HCA") is a citizen of California. *See* (Doc. 1 ¶¶ 4, 7, 8). But the allegations in the Notice of Removal regarding the citizenship of LHM SWH are insufficient. The Notice of Removal correctly identifies the rule for determining the citizenship of a limited liability company, i.e., that a limited liability company is deemed to be a citizen of the state where each of its members resides. (*Id*. ¶ 5). But it alleges only that LHM SWH is "not a citizen of New Mexico, California, or Massachusetts." (*Id.* ¶¶ 5, 9). More specifically, it

alleges that "[n]o member of LHM SWH, is a resident of New Mexico, California, or Massachusetts." (*Id.* ¶ 5).

In the first place, residency is not the proper test for determining the citizenship of an individual. Citizenship of an individual for diversity-jurisdiction purposes is determined by a person's domicile, and a person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *See Crawley v. Glaze*, 710 F.2d 776, 678 (10th Cir. 1983). Generally speaking, "an allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Siloam Springs Hotel, L.L.C. v. Century Surety Co*., 781 F.3d 1233, 1238 (10th Cir. 2015).[1] This is more than a mere technical defect in the Notice of Removal's allegations regarding the Court's subject matter jurisdiction. Not only is it possible for "one [to] reside in one place but be domiciled in another," *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), it is not uncommon for an individual to do so. Furthermore, delay in requiring clarification of the matter would "only compound[ ] the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed." *Lowe v. Travelers Home & Marine Ins. Co*., No. 19-CV-00983-PAB, 2019 WL 1615070, at *1 (D. Colo. Apr. 15, 2019). To the extent that any member of LHM SWH is an individual, the Notice of Removal must allege that member's citizenship based on domicile, not residency.[2]

---

[1] *See also Travaglio v. Am. Exp. Co*., 735 F.3d 1266, 1269 (11th Cir. 2013) ("The allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Simon v. Taylor*, 455 F. App'x 444, 446 (5th Cir. 2011) ("an allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction"); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *Kantrow v. Celebrity Cruises Inc*., 533 F. Supp. 3d 1203, 1215 (S.D. Fla. 2021) (citing additional cases).

[2] The Court acknowledges that the Notice of Removal's allegation that Plaintiff is a citizen of New Mexico is based on Plaintiff's allegation of residency in the First Amended Complaint. But some courts have held that, in the removal context, a defendant can rely on the plaintiff's allegation of his own residence in a state court complaint in asserting federal diversity jurisdiction because residence is prima facie evidence of domicile. *See, e.g., Lee v. BMW of N.A,*

4

Beyond this defect, the Notice of Removal also relies on a negative allegation that no member of LHM SWH is a resident of the same state as Plaintiff. Such an allegation does not plausibly confer subject matter jurisdiction on this Court. *See BG11, Inc. v. Cheek*, No. 1:25-CV-554-KG-KRS, 2025 WL 2652832, at *2 (D.N.M. Sept. 16, 2025) ("Plaintiffs' additional allegation that none of the members of the two LLCs are citizens of California, Delaware, or Tennessee is also conclusory and thus insufficient." (citing *Winn v. Carlsbad Med. Ctr., LLC*, No. 14-CV-1113 JAP/SMV, 2015 WL 12830457, at *2 (D.N.M. July 16, 2015) (allegation that "no member of Defendant Pecos Valley has New Mexico citizenship" held insufficient))).

"The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (citations and internal quotation marks omitted). Mere conclusory allegations without supporting facts are to be ignored. *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Courts have noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *Cheek v. Wolfgang Puck Worldwide, Inc.*, No. 17-CV-01201-PAB, 2017 WL 2274551, at *2 n.2 (D. Colo. May 25, 2017) (quoting *U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09–cv–00697–PAB–CBS, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009))). The Notice of

---

*LLC*, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019); *but compare Whelan v. Wesley Apartment Homes, LLC*, 376 F. Supp. 3d 1312, 1319 (N.D. Ga. 2019) (holding that a plaintiff's allegation of residency in a state court complaint was not sufficient to alert a defendant that the case was removeable because "residency is not synonymous with—or sufficient to establish—citizenship"). The Court has relied on this case law in finding that the Notice of Removal adequately alleges Plaintiff's citizenship. This case law is inapposite, however, to Defendant LHM SWH's allegations in the Notice of Removal regarding its *own* citizenship, because LHM SWH should have the ability to allege the domicile of its members without relying on residency as "prima facie evidence of domicile." (Doc. 1 ¶ 3).

Removal must identify the members of LHM SWH and provide the relevant facts demonstrating the state or states of their citizenship. *See, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *Clinton Hampton, LLC v. ProCentury Ins. Co.*, No. CIV-23-331-F, 2023 WL 3026718, at *1 (W.D. Okla. Apr. 20, 2023) ("Although the notice of removal alleges that plaintiff is a citizen of Oklahoma, it fails to identify each of the members of the limited liability company, and it fails to identify the state of citizenship for each of the members. The notice of removal must specifically identify each of plaintiff's members as well as the state of citizenship for each of those members.") (internal citation omitted); *MPG Endeavors LLC v. Tygris Med. LLC*, No. 21-CV-02581-PAB, 2021 WL 5447028, at *1 (D. Colo. Nov. 22, 2021) (allegations held insufficient where, among other things, "petitioner has not identified respondent's members"); *Cheek*, 2017 WL 2274551, at *2 (finding diversity allegations insufficient where "Ritz–Carlton has not identified its members or the citizenship of those members"); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, ... the identity and citizenship of their members" in order to invoke diversity jurisdiction).

The Court also notes that none of the Defendants have yet complied with the corporate disclosure requirements of Federal Rule of Civil Procedure 7.1(a). Among other things, Rule subsection (a)(2) of Rule 7.1 requires that, in an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party must file a disclosure statement that "*name[s]*—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party[.]" FED.

R. Civ. P. 7.1(a)(2) (emphasis added). The statement must be filed "when the actin is … removed to federal court." *Id.*

 ACCORDINGLY, on or before **October 17, 2025**, each Defendant is ordered to file a Rule 7.1 Corporate Disclosure Statement, and Defendant LHM SWH is ordered to file an Amended Notice of Removal naming the members of LHM SWH, as well as any constituent members of those members, and identifying the relevant jurisdictional facts for establishing the citizenship of each such member.

 **IT IS SO ORDERED** this 6th day of October, 2025.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE