**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANTONIO GARCIA,

     Plaintiff,

v.                                                                                    No. 1:25-cv-942-JMR-KRS

LHM SWH, LLC, *doing business as*
*LHM Southwest Hyundai Albuquerque*;
LIBERTY MUTUAL INSURANCE COMPANY;
and HYUNDAI CAPITAL AMERICA, *doing*
*business as Hyundai Motor Finance,*

     Defendants.

**ORDER**

This matter is before the Court on Plaintiff's Opposed Motion To Compel Defendant

Liberty Mutual Insurance Company To Provide Complete Discovery Responses To First Set of

Discovery ("Motion") (Doc. 43).

1.     The Motion is denied without prejudice as moot to the extent that the parties have

resolved their disputes concerning certain discovery requests. *See* (Doc. 63 at 1 (Plaintiff's Reply

Brief In Support Of Motion To Compel Defendant Liberty Mutual Insurance Company To Provide

Complete Discovery Responses To First Set of Discovery) (stating that Liberty Mutual's

supplemental responses have resolved the Motion as to Interrogatory 1 and Request for Production

3).

2.     The Motion is granted as to the remaining disputed discovery request (Interrogatory

4).

3.     Interrogatory 4, and Liberty Mutual's response, state as follows:

     **INTERROGATORY NO. 4:** For each affirmative defense you
     asserted in your Answer to Plaintiff's Complaint for damages, state

the factual basis for the defense and identify all documents and witnesses you may use in support of that defense.

**ANSWER:** Liberty Mutual states that the assertion of defenses raised in its Answer are self-explanatory and may be amended or withdrawn through the course of the litigation, depending on the evidence uncovered. Liberty Mutual specifically reserves the right to assert and maintain any affirmative defense as would be supported by the facts developed.

(Doc. 44-1 at 3).

4.      Liberty Mutual's objections to Interrogatory 4 are without merit. Liberty Mutual's Answer to the Complaint asserts nineteen separate "defenses." *See* (Doc. 3 at 9-11). Even if the defenses were "self-explanatory" (the Court agrees with Plaintiff that they are not), and even if "self-explanatory and may be amended or withdrawn" were valid objections that can be made to a discovery request (again, the Court agrees with Plaintiff that they are not), Plaintiff is entitled to a complete response to Interrogatory 4. *See, e.g.,* FED. R. CIV. P. 26(b)(1) (permitting parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's…defense"); FED. R. CIV. P. 26(a)(1)(A)(1)(i) (requiring parties to make initial disclosures of any "individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its … defenses"); FED. R. CIV. P. 26(a)(1)(A)(1)(ii) (requiring parties to identify and produce as part of their initial disclosures all documents "that the disclosing party … may use to support its … defenses").[1]

5.      If Liberty Mutual does not, at this time, have any facts, witnesses, or documents to support a defense, its response to Interrogatory 4 should so state. If Liberty Mutual later becomes

---

[1] *See also Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006) ("Plaintiffs may not answer the interrogatory by generally referring Defendant to the pleadings filed in this case …. Absent compliance with Rule 33(d) or attachment of the appropriate documents, a responding party may not answer an interrogatory by directing the party propounding the interrogatory to find answers from previously produced documents or identified witness lists.").

aware of facts or witnesses or documents in discovery to support those defenses, then it would have to supplement its discovery response within 30 days of becoming aware of those facts or witnesses or documents. *See* (Doc. 26 at 2 (¶ f)). If Liberty Mutual determines at any time that it will be not be able to provide evidentiary support for some or all of its defenses, it may withdraw those defenses. Until it does so, however, the defenses are subject to discovery.[2]

6.      Therefore, Liberty Mutual is **ORDERED** to serve Plaintiff with a supplemental response to Interrogatory 4, answering the Interrogatory fully, based on information presently known to it. Liberty Mutual's supplemental response to Interrogatory 4 shall be served on or before **March 18, 2026**. Notice of Compliance with this Order shall be filed on the docket simultaneous with service of the supplemental response.

7.      The Court finds that each party's respective position in connection with Doc. 43 was reasonable, and therefore the Court will not award fees for the present Motion.

ACCORDINGLY, Plaintiff's Opposed Motion To Compel Defendant Liberty Mutual Insurance Company To Provide Complete Discovery Responses To First Set of Discovery ("Motion") **(Doc. 43)**, is denied in part without prejudice as moot, and is granted in part as set forth above.

IT IS SO ORDERED this 25th day of February, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[2] *See, e.g., StairMaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.,* 182 F.R.D. 117, 119 (D. Del. 1998) (holding it was improper for the defendant to refuse to respond substantively to discovery requests relating to its affirmative defenses on the ground of prematurity, stating that the defendant had "decided effectively to grant itself a stay of discovery" insofar as its affirmative defenses were concerned, allegedly because of the fact that it had no relevant information to support the defenses and was simply waiting in the hopes that plaintiff would unilaterally produce supporting information).