# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANTONIO GARCIA,

     Plaintiff,

v.                             No. 1:25-cv-942-JMR-KRS

LHM SWH, LLC, *doing business as*
*LHM Southwest Hyundai Albuquerque*;
LIBERTY MUTUAL INSURANCE COMPANY;
and HYUNDAI CAPITAL AMERICA, *doing*
*business as Hyundai Motor Finance,*

     Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff's Motion For Order To Show Cause (Motion) (Doc. 71), filed March 10, 2026. The Motion seeks an order requiring third party Hyundai Motor America, Inc. ("Hyundai Motor") to appear and show cause why it should not be held in contempt for failure to respond to a subpoena served by Plaintiff on Hyundai Motor's registered agent on January 9, 2026. The Motion states Defendants LHM SWH, LLC, Liberty Mutual Insurance Company, and Hyundai Capital America, do not oppose the Motion. The Court, having reviewed the Motion, the record, and the relevant law, and being otherwise fully advised, **FINDS** that the Motion is well taken and should be **GRANTED** and that this Order to Show Cause should issue.

Plaintiff issued a Subpoena Duces Tecum (Doc. 71-1) ("Subpoena") to non-party Hyundai Motor on January 8, 2026. The Subpoena commanded Hyundai Motor to produce the following documents by February 13, 2026:

> With regard to a 2025 Hyundi Palisade VIN: KM8R2DGE3SU822728 ("the Vehicle"), produce all documents and electronically stored information that are with regard to a) Defendant LHM SWH, LLC d/b/a LHM Southwest Hyundai Albuquerque's ('LHM') purchase of the Vehicle; the shipment and

> transport of the Vehicle to LHM; all service, repair and inspection documents; documents showing options that were on vehicle at time you sent to LH Miller and all communications with LHM.

(*Id.*). Plaintiff states that "[t]he subpoena was properly served on Hyundai Motors's registered agent on January 9, 2026." (Doc. 71 at 1 (citing Proof of Service attached to Subpoena (Doc. 71-1 at 2), which indicates the Subpoena was "deliver[ed]" to "Hyundai Motor America, Inc. c/o Corporation Service Co, Legal Aid, Nevaeh Hernandez")).

According to Plaintiff, no documents were received from Hyundai Motor on February 13, 2026, the date they were due. (Doc. 71 at 1). Accordingly, Plaintiff's counsel's office contacted Hyundai Motor via telephone on February 18th and was assigned case number 42265596. Plaintiff further represents that a representative of Hyundai Motor was supposed to call Plaintiff after checking on the delay, but Plaintiff has not heard from Hyundai Motor. (*Id.*). Plaintiff then mailed a copy of this motion to Hyundai Motor's legal department on February 23, stating it would be filed on March 6 if Plaintiff received no response. (*Id.*). Plaintiff asserts that "Hyundai Motor continues to fail to produce any documents, has failed to object, and has failed to provide any explanation as to why it is refusing to comply with the subpoena." (*Id.*).

The Court has some concerns regarding the propriety of the Subpoena and its service. For example, although Rule 45(b)(2) permits service of a subpoena anywhere within the United States, Rule 45(b)(1) provides that the service must be upon the "person named [in the subpoena]," and further, must "be made by delivering a copy thereof to such person[.]" FED. R. CIV. P. 45(b)(1). "The longstanding interpretation" of this language "has been that personal service of subpoenas is required." 9A FED. PRAC. & PROC. CIV. § 2454 (3d ed.) ("The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally."). "[T]o satisfy Rule 45's mandate of 'delivering a copy to the named person' when the 'person' is a corporation, there must be delivery to an appropriate agent, as identified by Rule

4(h)." *In re Newbrook Shipping Corp.*, 31 F.4th 889, 897 (4th Cir. 2022); s*ee also Netlist, Inc. v. Montage Tech., Inc.*,  No. 22-mc-80337-VKD, 2023 WL 2940043, *2 (N.D. Cal. Feb. 24, 2023) (stating that it was appropriate to refer to Rule 4 to fill in gaps with respect to personal service of subpoena on a corporation); FED. R. CIV. P. 4(h) (providing that service on a corporation can be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires.").

The Proof of Service attached to the Subpoena indicates that the Subpoena was delivered to "Corporation Service, Co., Legal Aid, Nevaeh Hernandez," and it is not clear whether a "Legal Aid" would satisfy the requirement of an officer, managing or general agent of either Hyundai Motor or Corporation Service. *See* FED. R. CIV. P. 4(h)(1)(B); *In re Newbrook Shipping Corp.*, 31 F.4th 889, 897 (4th Cir. 2022). Moreover, the place of service is omitted, and the Proof of Service does not contain the required certification. *See* FED. R. CIV. P. 45(b)(4).

In addition, an order holding a third party in contempt under Rule 45(g), as well as an order under any other provision of Rule 45, must be issued in most cases by "[t]he court for the district where compliance is required[.]" *See* FED. R. CIV.  P. 45(g); FED. R. CIV. P.  45(d)(2)(B)(i); FED. R. CIV. P. 45(d)(3)(A); FED. R. CIV. P.  45(d)(3)(B). But the Court notes that there is no consensus among the federal courts regarding the place of compliance. Relying on Fed. R. Civ. P. 45(a)(1)(A)(iii), which  directs that "[e]very subpoena must: ... command" the production of documents and electronically stored information "at a specified time and place," some courts "take[ ] the position that … the court or district 'where compliance is required' is determined by the location or 'place' for compliance identified on the subpoena." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) (citing cases). Under this view, the place of compliance in

3

this case would be Albuquerque, New Mexico. Other courts cite FED. R. CIV. P. 45(c), which is titled "Place of Compliance" and provides, in part, that "[a] subpoena may command: … production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A). Courts in this second group treat Rule 45(c) as determinative of the place of compliance for purposes of the district in which subpoena-related motions and applications are to be made, and therefore conclude that enforcement must be sought in the place where the recipient resides, works, or "regularly transacts business in person." *CSS, Inc.*. 354 F. Supp. 3d at 709 (citing case law). Under this view, the place of compliance apparently would be Fountain Valley, California. *See* (Doc. 71 at 2).

Thus, under one view, this district would be the proper forum for seeking to enforce the Subpoena, but under the other view, it would only be proper to seek enforcement in this Court if Hyundai Motor "regularly transacts business in person" here, FED. R. CIV. P. 45(c). This is true regardless of whether the requested documents and records ultimately would be delivered electronically. *See Gutierrez v. Uni Trans, LLC*, No. CV 21-73 KWR/SCY, 2021 WL 2821071, at *2 (D.N.M. July 7, 2021) (stating that it does not matter that "the production of the documentary information sought through the subpoena[ ] likely would not occur in person" but instead would occur by mail or electronic transmission of the documents in question"); *CSS, Inc.,* 354 F. Supp. 3d at 709, 710 ("Under Rule 45, … the place of compliance must be a physical 'place' subject to 'geographical limits' and capable of being measured according to mileage. … [A]n email address does not qualify as a location or place where compliance is required under Rule 45, although the subpoenaing party and the subpoenaed person could agree to production by electronic means.").

Notwithstanding the above, Plaintiff represents that his counsel communicated with someone in the legal department of Hyundai Motor and was told that the person would check on what was behind the "delay." Plaintiff has received no further information and, as far as the record shows, Hyundai Motor has taken no action to either comply with the Subpoena or seek to quash it. In these circumstances, the Court will grant Plaintiff's Motion and issue an Order to Show Cause directing Hyundai Motor to show cause in writing why it should not be held in contempt of court for failing to comply with or serve written objections to the Subpoena. The Court will also order Plaintiff to forward a copy of this Order to Show Cause to: (a) Hyundai Motor's registered agent for service of process via certified United States mail; (b) Hyundai Motor's principal place of business via certified United States mail; (c) Hyundai Motor's "corporate office" listed on either Hyundai Motor's website or the Secretary of State website where Hyundai Motor is incorporated via certified United States mail; and (d) Hyundai Motor's electronic mail address if one is listed on on Hyundai Motor's website or the Secretary of State's webpage.

**IT IS THEREFORE ORDERED** as follows:

1. Plaintiff's Motion for Order to Show Cause (Doc. 71) is **GRANTED** as set forth herein;

2. Hyundai Motor shall file a written Response to this Order to Show Cause by **Thursday, April 2, 2026**, in which it shall show cause why it should not be held in contempt of court for failing to comply with or serve written objections to Plaintiff's January 8, 2026 Subpoena Duces Tecum; and,

3. Upon receiving this Order, Plaintiff shall forward a copy of it to Hyundai Motor in the manners specified herein, and shall timely file a certificate of service documenting such service.

5

IT IS SO ORDERED this 12th day of March, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE