**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANTONIO GARCIA

      Plaintiff,

v.                                 Cause No.: 1:25-cv-942 JMR-KRS

LHM SWH, LLC d/b/a
LHM SOUTHWEST HYUNDAI ALBUQUERQUE,
LIBERTY MUTUAL INSURANCE COMPANY; and
HYUNDAI CAPITAL AMERICA, d/b/a HYUNDAI MOTOR FINANCE,

      Defendants.

**ORDER GRANTING [92] JOINT MOTION FOR ENTRY OF
CONFIDENTIALITY ORDER**

Currently before the Court is the Joint Motion For Entry Of Confidentiality Order ("Motion"), filed by Plaintiff Antonio Garcia and Defendants LHM SWH, LLC d/b/a LHM Southwest Hyundai Albuquerque, Liberty Mutual Insurance Company, and Hyundai Capital America, d/b/a Hyundai Motor Finance. (Doc. 92). Finding good cause as set forth in the Motion, and noting the agreement of the parties, the Court GRANTS the Motion and enters the parties' Stipulated Confidentiality, with slight modifications, as follows:

**STIPULATED CONFIDENTIALITY ORDER**

The parties have designated certain proprietary and confidential documents (hereafter "Confidential Information and Documents") to be produced in its discovery answers and responses as confidential and may produce additional Confidential Information and Documents as discovery continues. Such Confidential Information and Documents include company financial records and other corporate materials not of public record; information regarding other customers of LHM SWH, including customer transaction records, personal identifying information, financial information, and contact information; and Plaintiff's credit and income information. Entry of this

Stipulated Confidentiality Order is necessary to preserve and maintain the confidentiality of such Confidential Information and Documents produced in this action.

**IT IS THEREFORE ORDERED:**

1. The above referenced Confidential Information and Documents, as well as any discovery answers and responses and deposition testimony about them, shall be treated as confidential, shall be used only in connection with the above-captioned lawsuit, and shall not be disclosed to anyone other than those set forth in Paragraph 3.

2. The Parties shall stamp "CONFIDENTIAL" on Confidential Information and Documents.

3. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

4. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the information is deemed Confidential Information, and that it should be treated as such in accordance with that designation under this Order. The receiving party must treat the information as confidential once the producing party so notifies the receiving party. If the receiving party has disclosed the information before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced information as "**CONFIDENTIAL**."

5. Any Confidential Information and Documents used as an exhibit in a deposition shall be clearly identified as "CONFIDENTIAL."

6.      The parties acknowledge that this Order does not entitle them to seal Confidential Information filed with the Court. In the event a party seeks to file any document containing Confidential Information, or Employment Records subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.

7.      The submitting party may file a document designated as Confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party who designated the material as confidential ("the designating party"). If the party filing the document containing Confidential information is the designating party, the motion for leave to file under seal shall identify the Confidential information contained in the document and explain why the document is sealable. If the party filing the document is not the designating party, the designating party must, within seven days of the filing of the motion to file under seal, file a notice identifying the Confidential information contained in the document, and stating whether the designated material is sealable and if so why. If the designating party does not file a responsive declaration within the seven-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

8.      Confidential Information and Documents may be disclosed by the Party receiving such materials only to the following individuals under the following conditions:

3

a)      The Parties to this action and their counsel (including their secretaries, paralegals, assistants, and other employees).

b)      Consultants or experts retained by the Parties or their counsel for purposes of this lawsuit (before giving documents designated as "CONFIDENTIAL" to such consultants or experts, the consultant or expert shall be furnished a copy of this Order and agree to be bound by it).

c)      Mediators retained for this lawsuit (including their secretaries, paralegals, assistants, and other employees).

d)      The Court and court personnel related to this lawsuit.

e)      Court reporters, videographers, and jurors retained/selected for this lawsuit.

f)      Other customers identified in discovery may be contacted and informed of their own confidential information, but not that of other customers, or other Confidential Information and Documents.

9.      Any person who examines Confidential Information and Documents in connection with this lawsuit shall not disseminate the Confidential Information and Documents orally, in writing, or by any other means, to any person who is not authorized to view the Confidential Information and Documents under the terms of this Order.

10.     The terms of this order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice of the intended use of the confidential document to opposing counsel as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent

4

unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing. In the event a transcript of the trial is prepared, any party may request that certain portions thereof, which contain Confidential Information and Documents, be filed under seal.

11.     In the event a Party who receives Confidential Information and Documents wishes to challenge the propriety of the confidential designation, that Party will advise the other Party in writing within thirty business days of this Order or thirty business days of being notified of the designation, whichever is later. Upon such written notification, the Party that made the confidential designation will have ten (10) business days to file a Motion for Protective Order to allow the Court to rule on the dispute. If a Motion for Protective Order is filed, the materials designated as Confidential Information and Documents will be treated as confidential until such time as the Court denies such Motion. If a Party does not file a timely Motion for Protective Order, the materials previously designated as Confidential Information and Documents shall be deemed non-confidential.

12.     Within thirty (30) days of the final termination of this action, counsel of record for each Party shall assemble and return all Confidential Information and Documents produced by the other Party, including all copies, notes, summaries, renderings, photographs, recordings, floppy discs, and reproductions of every kind of such Confidential Information and Documents. In the alternative, a Party may provide the other Party with a certification made under oath attesting that the Confidential Information and Documents have been destroyed, together with all documents containing data or information obtained, derived, or generated therefrom. Any Confidential

Information and Documents entered on a computer database or other electronic media shall also be deleted and written over or reformatted.

13. At any hearing on a Motion for Protective Order, any burdens of proof imposed on the movant or party challenging the confidentiality designation shall be those established under the Federal Rules of Civil Procedure.

14. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

15. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

IT IS SO ORDERED this 21st day of May, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

Submitted and approved by:

Butt Thornton & Baehr PC

*/s/ Madison L. Haynes*_____
Monica R. Garcia
Madison L. Haynes
PO Box 3170
Albuquerque, NM 87190
Telephone: (505) 884-0777
mrgarcia@btblaw.com
mlhaynes@btblaw.com
*Attorneys for LHM SWH, LLC d/b/a*

*LHM Southwest Hyundai Albuquerque*


AND approved by:

Feferman, Warren & Mattison

*/s/  Approved via email 05/13/2026_____*
Susan Warren
300 Central Avenue, SW, Ste. 2000 West
Albuquerque, NM 87102
(505) 243-7773
Fax: (505) 243-6663
swarren@fwmlegal.com
*Attorneys for Plaintiff*